**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN S. ZELLNER, SR.,

    Plaintiff,

vs.                                                              CASE NO. 3:08-cv-1205-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments. 42 U.S.C. § 405(g). Plaintiff filed a legal memorandum in opposition to the Commissioner's decision (Doc. #21; P's Brief). Defendant filed a memorandum in support of the decision to deny disability benefits (Doc. #22; D's Brief). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated April 1, 2009 (Doc. #17). The Commissioner has filed the transcript of the underlying administrative proceedings and the record evidence (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials

provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings**.

## I. Procedural History

Plaintiff, John S. Zellner, Sr., protectively filed for a period of disability, DIB and SSI on January 5, 2004, alleging disability as of August 30, 2002 (Tr. 63-66, 452, 453-56). His initial applications were denied, as was his request for reconsideration (Tr. 34-35, 38-39, 42-43, 457-59, 461-64). He timely requested a hearing, which was ultimately held on February 21, 2006, in Jacksonville, Florida, before Administrative Law Judge (ALJ) William H. Greer (Tr. 465-88). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Melissa Howell. Plaintiff was represented throughout the hearing by attorney Richard McCullough (Tr. 465). At the hearing, Plaintiff amended his alleged onset date to October 31, 2003 (Tr. 469). On July 10, 2006, the ALJ issued an unfavorable decision (Tr. 25-33). Plaintiff requested review of the decision by the Appeals Council (AC); however, the AC denied his request, making the hearing decision the final decision of the Commissioner (Tr. 5-7). Plaintiff's current counsel of record, Ms. Chantal Harrington, Esq., filed the instant complaint in federal court on December 16, 2008 (Doc. #1).

2

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520(a)(4)(i-v); 416.920(a)(4)(i-v)2[1]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court will not re-weigh the evidence, but will determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless

he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. §§ 404.1512(c); 416.912(c).

### III. Statement of the Facts

Plaintiff was born on April 17, 1957 (Tr. 63). Thus, he was 49 years old at the time of the ALJ's decision. Mr. Zellner completed the ninth grade and received his general equivalency diploma (Tr. 468). He has past relevant work history as a tank cleaner and an industrial truck operator (Tr. 485). For purposes of his Title II disability claim, Plaintiff was last insured for benefits through December 31, 2008 (Tr. 70). In his decision, the ALJ found Plaintiff suffers from the following "severe" impairments: chronic obstructive pulmonary disease (COPD), asthma and essential hypertension (Tr. 29).

At the hearing, Mr. Zellner testified that he has chest and back pain, shortness of breath, and numbness and tingling in his extremities (Tr. 471-75). Plaintiff stated he spends most of his time at home watching television, but he does drive his wife to work and tries to help with the dishes, laundry and vacuuming (Tr. 480-81). He testified that due to loss of breath and back pain he can only stand for approximately five minutes before he has to sit down (Tr. 472). In addition, he stated he is sometimes limited to walking no more than 35 feet before he is forced to rest (Tr. 472), and is unable to sit for extended periods of time (Tr. 478).

In his decision, the ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds frequently or 20 pounds occasionally; stand and/or walk 2 hours during an 8-hour workday during which he must be off his feet for 5 minutes once every 15 minutes; and sit at least 8 hours during an 8-hour workday. He cannot crawl and is limited to walking up short flights of stairs up to 3 times per day as he would require twice the amount of time to go up and down stairs. He is limited to occasional crouching and kneeling. He must have no more than mild exposure to pulmonary irritants.

(Tr. 30) (emphasis omitted).

At the hearing, the ALJ obtained testimony from vocational expert Melissa Howell, who testified that Plaintiff is unable to perform the demands of his past relevant work (*see* Tr. 485). The judge posed a hypothetical question to the VE, which specified an individual with limited education and an RFC similar to that of Plaintiff (Tr. 485). The VE testified that, given those specifications, Plaintiff would be able to perform the unskilled, sedentary positions of food and beverage order clerk, telephone quotation clerk, and addresser (Tr. 486).

The ALJ accepted the testimony of the vocational expert regarding the existence of other jobs in the national and regional economy that Plaintiff can perform despite his limitations (Tr. 32-33). Consequently, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process (Tr. 33).

## IV. Analysis

Plaintiff raises three issues on appeal. First, he argues the Commissioner failed to articulate adequate reasons for not crediting the existence of cervical spine degeneration and polyneuropathy, or the symptoms arising from the conditions (P's Brief at 1, 9). Second, Plaintiff contends the judge erroneously relied on the opinions of state agency assessments instead of those of Plaintiff's treating physician (P's Brief at 1, 13). Last, he argues "[t]he Commissioner failed to articulate specific adequate . . . credibility findings for

6

not crediting [his] pain and testimony" (P's Brief at 19) (emphasis omitted); (*see* P's Brief at 1).

### A. Failure to Credit Conditions and Symptoms

Plaintiff takes issue with the list of severe impairments given by the ALJ (P's Brief at 9). He also argues the judge failed to consider the effects of the listed impairments in combination with all of his objectively confirmed impairments (P's Brief at 13).

At step two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. In this circuit, the prevailing standard remains that an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). The *McDaniel* court held the claimant's burden at step two is mild and only the most trivial of impairments may be rejected. *Id.* "[F]ailure to find an impairment severe at step two can be harmless error if the ALJ considers the functional limitations of the impairment at later steps of the evaluation." *Gatewood v. Comm'r of Soc. Sec.*, No. 6:09-cv-122-Orl-31KRS, 2010 WL 455318, at *11 (M.D. Fla. Feb. 3, 2010); *cf. Newton v. Astrue*, Civil Action No. 1:06-CV-1542-AJB, 2008 WL 915923, at *10 (N.D. Ga. Apr. 1, 2008) (finding error where the ALJ failed to consider impairments at step two and there was no indication in his decision that he considered them before rendering his decision).[2]

---

[2] Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1 Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to
(continued...)

According to Plaintiff, "[n]ot only did the ALJ fail to include Mr. Zellner's neck condition and polyneuropathy as severe impairments, but the ALJ barely mentioned them in the hearing decision and did not mention the objectively positive test results corroborating Mr. Zellner's symptoms of lower and upper extremity pain and numbness" (P's Brief at 9).

The judge found several severe impairments, including COPD, asthma, and essential hypertension, and moved on to step three of the analysis. Thus, the failure to label polyneuropathy or neck pain as severe impairments would not alone be enough to remand. The record, however, contains numerous complaints from Plaintiff of back, neck and extremity pain (*see, e.g.*, Tr. 389 ("neck is still hurting" and neurological abnormality marked on form), Tr. 391 (complaints of back and neck pain times four weeks), Tr. 393 (numbness in hands and arms), Tr. 395 ("hands, arms numb"), Tr. 412 ("legs tingle"), Tr. 417 ("legs tingling")). Also present in the record are the results of various tests, including a nerve conduction study (Tr. 403), electromyogram (EMG) (Tr. 404), and an MRI of the cervical spine (Tr. 437-38). The nerve conduction study, dated December 22, 2005, indicates abnormality "most consistent with polyneuropathy, left greater than right" (Tr. 403), and the EMG from the same date was found to be "a potentially abnormal study" based on "decreased recruitment due to increased adipose tissue" in the gluteus maximus (Tr. 404). Further, the MRI conducted on December 1, 2004, reported "multiple levels of mild degenerative disc disease on top of a mild congenitally small canal[, along with] flattening of the ventral aspect of the cord" (Tr. 437) (capitalization omitted). In a March

---

(...continued)
the Eleventh Circuit Rules. 11th Cir. R. 36-2.

2006 letter, Dr. Frederic F. Porcase, Jr., Plaintiff's treating physician, stated Plaintiff suffered "severe neuropathy in his legs and hands" and gave the opinion that Plaintiff is not "capable of performing useful or gainful activity" and is "fully and totally disabled" (Tr. 387).

When determining whether the combination of impairments is sufficient to render a claimant disabled, the ALJ will consider the combined effects of all claimant's impairments without regard to whether any such impairment, considered alone, would be of sufficient severity. 20 C.F.R. §§ 404.1523; 416.923. "An ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993).

In this instance, the Court questions whether the ALJ fully considered the effect Plaintiff's nerve impairments had on his ability to work. A review of the judge's decision reveals scant mention of the problems, while there is sufficient record evidence to have put the ALJ on notice these impairments were alleged to impact Plaintiff's ability to work. While acknowledging Plaintiff's testimony that "he 'cannot move about or sit still too often' due to tiredness, nerves, and his hands and legs falling asleep" (Tr. 30), the ALJ appears to have ignored the medical evidence related to the impairments. His entire discussion of the issue is limited to the following.

> The claimant reported that he had nerve problems with tingling in his arms to his shoulder, his knees, and his legs for the last 4-5 months. Regarding the claimant's nerve conduction test results, the record was held open. Records from Frederic Porcase, Jr., D.O., were submitted but revealed that the etiology of the neuropathy in his legs and hands could not be determined. Dr. Porcase opined that the claimant was fully and totally disabled, however, this opinion is not given controlling weight as it is not supported by the overall evidence of record.

(Tr. 31).

9

It is recognized that "a medical source's statement that a claimant is 'disabled,' as opposed to a medical source's statement as to the nature and severity of a claimant's impairments, is not entitled to significant evidentiary weight because it is an opinion on the issue of disability, which is reserved to the Commissioner." *Speagle v. Astrue*, No. 3:08-cv-1046-J-JRK, 2010 WL 750341, at *12 (M.D. Fla. Mar. 4, 2010); *see* Social Security Ruling (SSR) 96-5p. Nevertheless, such statements can not be ignored because the Commissioner "must examine the entire record to determine whether such opinions are supported by the record." *Adkins v. Astrue*, No. 3:08cv429/MCR/MD, 2009 WL 3161718, at *6 (M.D. Fla. Sept. 28, 2009). The ALJ's failure to address the medical evidence relating to Plaintiff's nerve and neck conditions, or make any particular finding regarding these ailments, leaves the Court to question whether the ALJ considered all alleged impairments, both individually and in combination, and their effect on Plaintiff's ability to work. *Cf., e.g.*, *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219-20 (11th Cir. 2001); *Preast v. Comm'r of Soc. Sec.*, No. 8:08-cv-999-T-24 GJK, 2009 WL 3028315, at *16 (M.D. Fla. Sept. 16, 2009); *Newton*, 2008 WL 915923, at *10-11.

Nevertheless, as the Court finds this case must be remanded on other grounds, the Court will direct the Commissioner to reconsider the effect of Plaintiff's impairments in combination on his ability to work and to make specific findings regarding Plaintiff's alleged impairments of polyneuropathy and cervical pain.

### B. Reliance on Non-examiner Opinions and Plaintiff's RFC

Plaintiff next argues "[t]he ALJ erred in relying on outdated state agency assessments that were rendered prior to the bulk of the evidence being submitted" (P's

10

Brief at 13). Defendant counters that the reviewing sources, who "are disability specialists" had "the bulk of the evidence from treating sources and consultative examiners that comprise the official record in this case and they considered all of the objective facts at the time they rendered their opinion[s]" (D's Brief at 10-11). In this instance, the Court finds the opinions of the reviewing sources were made early in the case before the record was fully developed, and therefore were given without the benefit of significant medical evidence that could influence the opinions.

"The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (internal quotation marks omitted). "Absent good cause, the opinions of treating or examining physicians must be accorded substantial or considerable weight." *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp.2d 1340, 1367 (M.D. Fla. 2009) *citing Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). The judge, though, may reject the opinion of any physician when the evidence supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240.

Plaintiff takes the position that the ALJ should have credited Dr. Porcase's opinion that he is disabled and incapable of performing gainful activity as opposed to crediting the conflicting views of the state agency non-examining physicians (P's Brief at 13). Plaintiff also asserts that to the extent the doctor's opinion was unclear, the ALJ should have re-contacted him for clarification (P's Brief at 13).

As noted above, "[a]n ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by

the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled . . . ." *Cole v. Astrue*, No. 5:07-CV-247(CDL), 2008 WL 4003379, at *3 (M.D. Ga. Aug. 25, 2008). Thus, it was not error for the judge to reject the physician's opinion that the Plaintiff was disabled in his view.

Notwithstanding, "although the decision of disability is an issue reserved to the Commissioner, the ALJ has a duty to re-contact a medical source if the basis of that medical source's opinion is not clear." *Id.* at *4 (citing SSR 96-5p). A medical source, such as a treating physician, "will be re-contacted when the evidence is inadequate to determine whether a claimant is disabled." *Id.* Here, however, Plaintiff fails to provide any evidence the record was inadequate to make a determination. The record contains results from various exams and studies, treatment records from Mr. Zellner's physicians, and reports of non-examining state agency consultants. Plaintiff does not point to any evidence that was not included in the record. While the judge had the option to re-contact Dr. Porcase if deemed necessary, the record looks to have been adequate to make a disability finding.

Still, the Court does find troubling the ALJ's decision to give "significant weight" to the opinions of two state agency reviewing physicians (Tr. 31). These doctors gave their opinions between one and half to two and a half years prior to the hearing (Tr. 172, 288). Thus, contrary to Defendant's assertion, these opinions were given without the benefit of much of the evidence regarding Plaintiff's alleged nerve condition, which was submitted after the hearing, and other evidence of Plaintiff's progressive disease. The Physical Residual Functional Capacity Assessment completed by Dr. Eric Puestow, M.D., on February 27, 2004 (Tr. 231-38; Exh. 10F) appears to have been done before exhibits 11F through 22F were submitted for the record. The Physical Residual Functional Capacity

12

Assessment completed by Dr. Donald Morford, M.D., on September 30, 2004 (Tr. 281-88; Exh. 14F) appears to have been done before exhibits 15F through 22F were submitted for the record. Neither of these assessments were compiled with the benefit of medical records from late 2004 through 2006. This circumstance would not necessarily be fatal considering the ALJ had the records before him when making his decision, if it was obvious the judge had considered all the evidence of record. *See Rodriguez v. Barnhart*, No. Civ.A. 04-4755, 2006 WL 208646, at *1 (E.D. Pa. Jan. 26, 2006) (reasoning, in part, that it was not error for ALJ to rely on the opinion of a doctor, because the judge had all of the records before him even if the physician did not). However, in this case, as noted *supra*, the ALJ failed to demonstrate that he considered all the medical evidence.

Review of the ALJ's decision leaves the Court to wonder if a significant portion of the submitted medical evidence was considered. There is no reference in the ALJ's decision to Exhibits 1F through 9F, which are comprised of treatment notes, emergency room and hospital records, and objective clinical tests results from July 2000 through January 2004. Nor is there any reference in the decision to Exhibits 11F through 13F, and Exhibits 15F through 17F, which contain additional medical and treatment records from October 2003 through July 2005. Furthermore, the ALJ refers in the most general of terms to the records found in Exhibit 22F, with the statement, "Records from Frederic Porcase, Jr., D.O., were submitted but revealed that the etiology of the neuropathy in [Plaintiff's] legs and hands could not be determined" (Tr. 31). The records from Dr. Porcase in Exhibit 22F contain treatment notes and clinical test results from June 2004 through March 2006 that go well beyond Plaintiff's neuropathy diagnosis, but the Court is unable to ascertain what consideration the ALJ actually gave to those records.

13

Consideration of all the medical evidence of record is mandated so that the ALJ can accurately determine a claimant's RFC and thereby determine if the claimant can return to past relevant work. *See* 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945. The focus of a residual functional capacity determination is on the objective medical findings made by a plaintiff's doctors and their analysis based on those findings. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An ALJ may not pick and choose which evidence he considers in making the disability determination. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The plaintiff has the burden of providing the medical and other evidence about his or her impairments for the ALJ to use in reaching his conclusions. 20 C.F.R. §§ 404.1512(a), 416.912(a). The Regulations direct the administrative law judges to "consider all evidence in [the claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).

In the instant action, Plaintiff has provided a plethora of record evidence, but the ALJ's decision is devoid of reference to the majority of the medical evidence of record. Review of the decision reveals there is no reference to the vast majority of the actual progress notes, test results, and other evidence contained in the record. Clearly the ALJ is not required to specifically refer to every piece of evidence in his decision. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ is required, however, to consider all the presented evidence in making his findings and the ultimate disability determination.

The ALJ's decision in this case is silent on an extremely large amount of medical evidence provided by the Plaintiff in support of his claims. Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing

14

precedent. In this case it appears the ALJ disregarded a significant portion of the medical record evidence without stating any reason and the Court is left to wonder if correct legal standards were applied in his analysis of the evidence.

Thus, this case will be remanded with instruction to consider the record evidence as a whole and to weigh the medical evidence, including the opinion evidence found therein, as required by the Regulations and prevailing case law. The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). If an ALJ elects to *disregard* the medical opinion of a treating physician, then he or she must clearly articulate the reasons for so doing. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (emphasis added). If, on remand, the ALJ finds reason to discount the opinion of Plaintiff's treating physician, he must state any reason with specificity. Reasons to discount a treating physician's opinion must be supported by substantial evidence found in the record. *See id.*

### C. Plaintiff's Credibility

Plaintiff last complains "[t]he Commissioner failed to articulate . . . adequate and specific credibility findings for not crediting Mr. Zellner's pain and testimony" (P's Brief at 19) (emphasis omitted).

In determining whether or not a claimant is disabled, the ALJ must consider all of a claimant's symptoms, and "the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. 404.1529. When a claimant attempts to establish disability through his or her own

testimony of subjective pain symptoms, the ALJ must apply the Eleventh Circuit's three-part pain standard:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991) (emphasis added)).

Once both prongs of the pain standard are satisfied, "*all* evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms *must* be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561 (emphasis added) (citing 20 C.F.R. § 404.1529). Thus, at this stage the ALJ must consider a claimant's subjective testimony of pain. *Id.* at 1560. Furthermore, "[o]bjective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques . . . must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. § 423(d) (5)(A). Moreover, pain testimony is credible when evidence indicates that the claimant's condition could reasonably be expected to cause pain; claimant consistently complained of pain; and claimant's daily activities have been significantly affected by pain. *Foote*, 67 F.3d at 1560 (citations omitted). Thus, a determination as to pain can only be reached by looking at the entire record, including both objective and subjective evidence.

If an ALJ decides not to credit a claimant's subjective testimony of pain, he must articulate explicit and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote*, 67 F.3d at 1561-62 (citing *Cannon v. Bowen*, 858 F.2d 1541,

16

1545 (11th Cir.1988)). The articulated reasons must be based on substantial evidence. *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir.1991). When making a credibility determination, the decision maker's opinion must indicate an appropriate consideration of the evidence. *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983) (internal citation omitted).

A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *see also* 42 U.S.C. § 405(g) (the findings of the Commissioner as to any fact are conclusive if supported by substantial evidence). In *Allen v. Sullivan*, the court found that where the ALJ articulated three specific reasons for rejecting claimant's subjective complaints of pain, the claimant's testimony was sufficiently discredited. *Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir.1989). Importantly, the reasons provided by the ALJ in *Allen* included specific references to objective evidence, including medical evidence, which did not support the claimant's allegations. *Id.*

More than a general statement referring to the overall corroborative value of the medical evidence is required. In *Foote*, the court remanded the case and criticized the ALJ for "fail[ing] to identify any inconsistencies between [the plaintiff's] statements to her physicians and those she ha[d] made to the Secretary, through her application for disability benefits and during her administrative hearing." *Foote*, 67 F.3d at 1562 (finding insufficient the ALJ's statement that "the medical evidence establishes that while the claimant has an impairment which could be expected to produce some discomfort . . . such condition is not one that would preclude engagement in all work activity"). The court emphasized that

explicit credibility findings are crucial where subjective pain is an issue. *Id.* (internal citations omitted).

In the instant case, the ALJ cited 20 C.F.R. §§ 404.1529 and 416.929, along with SSRs 96-4p and 96-7p (Tr. 30). Nevertheless, he does not articulate the pain standard and his discussion fails to clearly reveal application thereof. The judge's analysis of Plaintiff's credibility is reflected in the following.

> The undersigned finds that the testimony of the claimant is not fully credible concerning his symptoms and the extent of his limitations in light of his medical history, the degree of medical treatment required, and the reports of his treating and examining physicians. The undersigned finds that neither the severity of his impairments nor the extent of his limitations is supported by the objective medical evidence of record. Furthermore, limitations that do exist are adequately accommodated for in the claimant's residual functional capacity[.]

(Tr. 31). No finding is included regarding the existence of an underlying medical condition. The ALJ also fails to identify exactly what records are contrary to Mr. Zellner's complaints. His bare assertions that Plaintiff's symptoms are inconsistent with the medical evidence of record are not enough to discredit Mr. Zellner's subjective testimony. *Cf. Foote*, 67 F.3d at 1562. On remand, the ALJ must reevaluate Plaintiff's credibility in accord with the appropriate Regulations and prevailing case law. If Plaintiff's subjective complaints are found to less than fully credible, the reasons therefore must be sufficiently articulated.

## V. Conclusion

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED** and the case is **REMANDED** with

18

instructions to: 1) consider the effect of Plaintiff's impairments in combination on his ability to work; 2) re-evalute the weight afforded to the nonexamining physician opinions after properly considering all of the evidence of record; 3) re-evaluate Plaintiff's treating physician opinions; 4) reassess Plaintiff's credibility; 5) reassess Plaintiff's RFC in light of properly considering all of the record evidence; and, 6) conduct any other proceedings deemed proper. On remand, the ALJ may desire to reopen the record and accept any additional evidence deemed appropriate, which may include a current evaluation of the record evidence by reviewing experts and vocational testimony in light of the reassessed RFC. The ALJ may not, however, selectively rely on only a limited part of the record, while ignoring other parts. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

Plaintiff is cautioned that this opinion does not suggest he is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

## VI. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 (11th Cir. 2006); compare Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

19

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of March, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record

20