**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN S. ZELLNER, SR.,

    Plaintiff,

vs.                                                                         CASE NO. 3:08-cv-1205-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #27), filed June 2, 2010.  Plaintiff's counsel requests an award of $3,932.52 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #27 at 1, 2).  Plaintiff advised Defendant does not have an objection to the relief sought (Doc. #27 at 2).  Defendant did, however, file Defendant's Opposition to Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2414(d) to object to award of the attorney fees to Plaintiff's counsel, in light of the recent Supreme Court decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) (Doc. #28).  Both parties then filed a Stipulation Regarding EAJA Fees on August 13, 2010 (Doc. #29).

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper

legal standards in evaluating the case.  Therefore, the Commissioner's position here was not substantially justified.  Moreover, Plaintiff filed a timely application for attorney fees, Plaintiff expressly states "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars", and there are no special circumstances which would make the award unjust (Doc. #27 at 1).  *See also* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

      2.    The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §  2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $172.85 per hour for services provided in 2008, $172.24 per hour for services provided in 2009, and $173.96 per hour for services provided in 2010 (Doc. #27 at 2; Doc. #29 at 1). The Court in its discretion has determined that these hourly rates and the resulting fee amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[1]

3.     Plaintiff's counsel has requested any awarded EAJA fees be paid directly to him, rather than to Plaintiff (Doc. #27 at 1). In support of this request, Plaintiff's counsel provided a copy of a document entitled "Plaintiff's Assignment of EAJA Fee" (Doc. #27-1 at 1).

As bought to the Court's attention by the Defendant, the Court notes the Supreme Court recently held in the case of *Astrue v. Ratliff*, that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. *See also, Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA). The decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The *Reeves* court succinctly stated the EAJA statute "plainly contemplates that the

---

[1]The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited November 3, 2010). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.

The Supreme Court's ruling in *Ratliff* is also in accord with the precedent within the Eleventh Circuit in finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States. *See Astrue v. Ratliff*, 130 S.Ct. at 2524; *also see*, *Reeves v. Astrue*, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)), *and see*, 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney. *Astrue v. Ratliff*, 130 S.Ct. at 2528-29. Neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. In the past, this Court has followed the common practice of other courts in our district and directed payment of EAJA fees to counsel when an assignment of benefits was been included with the counsel's petition. *See, e.g., Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition)*; Clopper v. Astrue,* No. 3:08-cv-1055-J-TEM, 2010 WL 1911420 (M.D. Fla. May 12, 2010) (granting request for payment of EAJA fees be made directly to attorney in accordance with the plaintiff's assignment of fees); *Williams v. Comm. of Soc.*

*Sec.*, No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Stoykor-Adams v. Astrue*, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff). Such practice, however, admittedly was permitted without the benefit of knowing whether or not the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset. In light of *Ratliff,* this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. Pursuant to the Stipulation Regarding EAJA Fees between the parties, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt (Doc. #29 at 1-2).

4.   The Court thus finds that $3,932.52 ($172.85 x 3 hours; $172.24 x 17.7 hours; $173.96 x 2.1 hours) is a reasonable amount for attorney fees in this case. The Court finds the number of hours was reasonably expended, given the complexity of the issues in this case.

5.   Plaintiff was granted *in forma pauperis* status in this action. Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.	Plaintiff's Consent Petition for Attorney Fees (Doc. #27), is **GRANTED** to the extent set forth above..

2.	The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,932.52 for attorney fees.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2010.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any