**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN S. ZELLNER, SR.,

      Plaintiff,

vs.                         CASE NO. 3:08-cv-1205-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

**O R D E R**

      This case is before the Court on Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #32, Petition) and the subsequent filings related thereto (*see* Docs. #34, #36, #38, #39 and #40).   Although Plaintiff's Petition was filed in the above-styled case on February 3, 2011, this matter did not become ripe for the Court's consideration until April 20, 2011 when Plaintiff's counsel filed the Notice of Filing Notices Recently Issued by the Social Security Administration (Doc. #40).

      Upon review of Plaintiff's Petition (Doc. #32) and the related filings noted above, the Court noted a discrepancy in the asserted amount of past due benefits awarded to Plaintiff and his dependents.   Specifically, Plaintiff's counsel states the "total amount of past due benefits for Plaintiff and his family (wife and three children) is $71,169 and a total of $17,792.25 was withheld by the Social Security Administration for attorneys' fees" (Doc. #40 at 1).   However, the documentation submitted in support of these amounts substantiated only $65, 244.75 in past due benefits awarded and $17, 792.25 in attorneys'

fees withheld.  Therefore, a telephonic hearing was held by the undersigned on May 16, 2011 in order to clarify the matter.[1]  Counsel for Defendant verified the total amount of past due benefits awarded Plaintiff and his dependants was $71,169.

Citing to the case of *Hopkins v. Cohen*, 390 U.S. 530 (1968), both counsel confirmed the entitlement to attorney fees under 42 U.S.C. § 406(b) is to be calculated based upon past due benefits received by Plaintiff and his dependent family members.  In *Hopkins*, the Court saw no reason to distinguish between benefits received by the claimant/plaintiff alone from the total amounts owed to claimant/plaintiff and his immediate family members, whose "benefits inure to the benefit of the head of the family who files the claim." *Id.* at 534 (internal quotation marks omitted).

Here, Plaintiff's legal counsel, Ms. Chantal J. Harrington, seeks an award under a contingency fee contract for twenty-five percent (25%) of the past due benefits Plaintiff and his dependent family members were awarded in this case (Doc. #40 at 1).  In this instance, Plaintiff's counsel requests that the Court award her $17,792.25 in attorney's fees pursuant to 42 U.S.C. § 406(b).  The sought amount is precisely twenty-five percent (25%) of the due benefits awards.

***History of case*:**

Plaintiff filed for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments on January 5, 2004, asserting his disability began August

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference.   The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired

20, 2002 (Doc. #21, Plaintiff's Memorandum, at 1-2).[2]  After being denied initially and on reconsideration, a hearing was held on February 21, 2006 (Doc. #21 at 2).   The Administrative Law Judge (ALJ) issued an unfavorable decision on July 10, 2006, and the Appeals Council denied review on October 30, 2008 (Doc. #21 at 2).

Ms. Harrington began representation of Plaintiff in December of 2008, after denial of review of the ALJ's decision by the Appeals Council (Doc. #32 at 1).   Ms. Harrington filed Plaintiff's appeal of the Commissioner's decision with the Court in the Middle District of Florida, Jacksonville Division on December 16, 2008 (Doc. #1, complaint).   The Court reversed and remanded the case under sentence four of 42 U.S.C. § 405(g) on March 29, 2010 (Doc. #23).   Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff $3,932.52 in attorney's fees on November 16, 2010 (Doc. #30), which appear to have been already paid to Plaintiff's counsel (*see* Doc. #32-1 at 4).

Ms. Harrington also represented Plaintiff at the administrative level following the sentence four remand (Doc. #32 at 2; Doc. #32-1 at 4).[3]  The Administrative Law Judge issued a fully favorable decision and Plaintiff was ultimately awarded Social Security disability insurance benefits beginning April 2004 (Doc. #40-1 at 1).   Plaintiff was found eligible for SSI disability payments as of January 2004 (Doc. #34-2 at 1).

───────────────

[2]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Plaintiff's memorandum of law in opposition to the Commissioner's decision denying Plaintiff Disability Insurance Benefits (Doc. #21).

[3]The portion of the administrative proceedings subsequent to the sentence four remand of the original claim has not been a subject of an appeal before this Court. The Court has relied on the schedule of events as presented in the Plaintiff's petition for award of attorney's fees pursuant to 42 U.S.C. § 406(b) and the subsequent filings (Doc. #32, Doc. #34, & Doc. #40).

3

Plaintiff received a Notice of Award for SSI disability payments dated January 4, 2011 (Doc. #34-2) and a Notice of Change in Benefits outlining his DIB entitlements dated April 9, 2011 (Doc. #40-1).  Each of Plaintiff's dependent family members received "Important Information" letters from the Social Security Administration dated April 20, 2011 (*see* Doc. 40-1).  Those letters outline the dependents' entitlements to disability benefits based on Plaintiff's ascertained disability. Withheld from Plaintiff's and his dependents' past due benefits payment was twenty-five percent of the total benefit award in the amount of $17,792.25, which was reserved for attorney's fees.  (Doc. #40 at 1, Doc. #40-1). Plaintiff's counsel is not petitioning the Commissioner to award attorney's fees under 42 U.S.C. § 406(a) (*see* Doc. #32-1 at 1-2).  Now Plaintiff's counsel is requesting the full twenty-five (25) percent of Plaintiff's past due benefits in attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. #32-1, Doc. #40).  As stated during the telephonic hearing, Defendant's counsel has no objection to award of the sought fees.

The contingent fee agreement Plaintiff entered into with attorney Chantal Harrington on December 15, 2008 is relevant to the instant motion (Doc. #32-2 at 9-10).  Terms of the fee agreement specify  that in the event of a favorable decision after remand from federal court to the Social Security Administration, attorney's fees will be twenty-five percent (25%) of the past due benefits owed to the Plaintiff, "together with any auxiliary benefits under the Social Security Act" (Doc. #32-2 at 9).

### *Analysis*

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which

shall not exceed twenty-five percent of the past-due benefits awarded.  Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The attorney "must show that the fee sought is reasonable for the services rendered."  *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused  by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing.  *Id.*; *see Gisbrecht*, 535 U.S. at 808. An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee."  *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

The *Gisbrecht* Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls.  *Id.* at 808.  Here, Plaintiff's counsel has stated she spent twenty-one and eight tenths (21.8) hours representing Plaintiff in the federal court action (*see* Doc. #27 at 4)[4]

---

[4]Plaintiff's counsel secured co-counsel, who expended one hour in the case  to prepare
(continued...)

and approximately thirty-two (32) hours in the administrative proceedings (*see* Doc. #32-1 at 4).[5]  Having reviewed the record, the Court finds the requested fee to be somewhat large in relation to the amount of time spent on the case at the federal level, but not beyond what is reasonable.  *See Goulet v. Astrue*, No. 3:06-cv-975-J-TEM, 2010 WL 2731666 (M.D. Fla. Jul. 9, 2010) (finding $9,500 a reasonable 406(b) fee for 15.25 hours); *Rainey v. Astrue*, No. 3:08-cv-728-J-TEM, 2010 WL 2293397 (M.D. Fla. Jun. 8, 2010) (finding $14,626.63 reasonable attorney fees under section 406(b) for 18.5 hours); *Moore v. Astrue*, No. 3:00-cv-571-J-32, 2010 WL 1417629 (M.D. Fla. Apr. 8, 2010) (awarding $16,403.88 in 406(b) attorney fees for 19.5 hours claimed) *Davis v. Astrue*, No. 3:07-cv-705-J-MCR, 2009 WL 2579314 (M.D. Fla. Aug. 19, 2009) (finding $14,713.75 a reasonable 406(b) fee for 24 hours claimed in federal court).[6]

Nonetheless, Plaintiff and his counsel agreed that attorney's fees would not exceed twenty-five percent (25%) of the past-due benefit awarded.  The amount sought by counsel in the instant motion for work in federal court is $17,792.25, which does not exceed twenty-five percent of the past-due benefits awarded.  Counsel spent twenty-one and eight tenths (21.8) hours representing Plaintiff in federal court, which, including the one additional hour

---

[4](...continued)
the EAJA petition (Doc. #27 at 4).

[5]Despite counsel's footnote to the contrary, Exhibit C detailing counsel's administrative hours in this case was not attached to the Petition (Doc. #32-1, n.2).

[6]Unpublished opinions may be cited throughout this order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

for preparation of the EAJA petition, the Court found were reasonably expended (*see* Doc. #30).  At 22.8 hours, the sought fee equates to an amount per hour of $780.36.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning; in eight cases the attorneys had requested fees which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees.  *Id.* at 1168-71.  Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a Social Security case,[7] reveals as follows:

1.      Social Security is one of the primary areas of counsel's law practice.

2.      Counsel began representing Plaintiff upon denial of review by the Appeals Council.  The case spans several years and includes medical records dating back to 2000. Counsel filed a twenty-one (21) page memorandum of law in support of her client's

---

[7]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case." *Kay v. Apfel*, *supra,* 176 F.3d at 1327.  Given the nature of Social Security cases, that seems an appropriate factor even under a *Gisbrecht* analysis.  The factor also could be viewed as the substantial risk of loss at the time the case was undertaken.

position. The memorandum led the Court to closely review the administrative record and ultimately was persuasive to the sentence four remand of the case.

3.      The record available to the Court does not evidence any delays caused by Plaintiff's counsel.

4.      The Court considers the number of hours claimed reasonable based on the complexity of the case.

5.      Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.  Those counsel who first enter the case at the district court level, take a case that has previously lost at four administrative levels.

6.      The sought fee is twenty-five (25) percent of the awarded past due benefits to Plaintiff and his dependents.  While this amount is large in light of the number of hours spent in federal court, the amount is not so large to be considered a windfall on the facts of this case.  Notably, Defendant has not opposed the sought fee.

Therefore, considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*.

Accordingly, upon due consideration it is hereby **ORDERED:**

1.      The petition for award of attorney fees under 42 U.S.C. § 406(b) (Doc. #32) is **GRANTED**.

2.      The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $17,792.25 to Plaintiff's counsel in attorney fees for representation of

Plaintiff before the Court.  *See Jackson v. Comm'r of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010).

      3.     As required under the statute and *Gisbrecht*, counsel may not "double-dip" and the amount of $3,932.52 previously received by Plaintiff's counsel for attorney fees under the Equal Access to Justice Act (EAJA) must be returned to Plaintiff by counsel.

      4.     Defendant's motion to stay (Doc. #26) is **DENIED AS MOOT**.

      5.     The Clerk shall enter Judgment accordingly and close the file.

      **DONE AND ORDERED** at Jacksonville, Florida this 19th     day of May, 2011.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge